IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TERRY HUSPON
Plaintiff

vs.                                Case No. 3:23-cv-982

ROBERT E. CARTER,
BRUCE LEMMON,
RICHARD BROWN,
JERRY SNYDER,
JIM HENDRIX,
CHARLES DUGAN,
RANDALL PURCELL,
E. PADGETT,
    Defendants.

Civil Right Complaint Jury Demand

This is a 1983 Action Filed by Terry Huspon, A pro se, A prisoner alleging violation of his Constitutional Rights and seeking money damages, Declaratory Judgment, Injunction Relief. The plaintiff request a trial by Jury.

Jurisdiction and Venue

(1) This is a Civil Rights Action under 42 U.S.C. § 1983. This Court has Jurisdiction under 28 U.S.C. § 1343. This Court also has Jurisdiction of this action under 28 U.S.C. § to hear plaintiff's claims based on the Fourteenth Amendment brought under 42 U.S.C. § 1983.

(1).

Jurisdiction of this Action under 28 U.S.C. § to hear plaintiff's claims, based on the Fourteenth Amendment, brought under 42 U.S.C. § 1983.

## Parties

2.) Plaintiff, TERRY HUDSON is a prisoner confined at Miami Correctional Facility (MCF) plaintiff was at relevant times stated herein being housed the Secure Confinement unit (S.C.U.) at Wabash Valley Correctional Facility. Address 6908 old U.S. Highway 41, P.O. Box #1111 Carlisle, Indiana 47838. plaintiff's identification number is #882523.

3) Defendant, Robert E. Carter, Jr. was at all relevant times herein the duly appointed, qualified and Acting Commissioner of Indiana Department of Corrections. Defendant Address is Indiana Government Center-South. 302 W. Washington Street, Indianapolis, Indiana 46204.

4) Defendant Bruce Lemmon, was at all relevant times herein ~~the~~ duly appointed, qualified and Acting Commissioner of Indiana Department of Corrections. Defendant Current Address is 6522 Hamlet Drive. Unit B Englewood Florida 34224.

5) Defendant, Richard Brown, was all relevant times herein, the duly appointed and Acting Warden of Wabash Valley Correctional Facility (WVCF) Defendant Brown, is an Agent of defendants Carter and Lemmon. Defendant address is, W.V.C.F. 6908 Sold U.S. Highway 41 P.O. Box # 1111 Carlisle, Indiana 47838

(2)

(6) Defendant, Jim Hendrix, was at relevant times herein the duly appointed, qualified and acting "Director of Classification" of Indiana Department of Corrections. Defendant Hendrix as agent of defendants Carter and Bruce. Defendant address is Indiana Government Center South, 302 W. Washington Street, Indianapolis, Indiana 46204;

(7) Defendant Seppy Snyder, was at all relevant time herein the duly appointed, qualified and acting Unit Team Manager/Casemanager of the Secure Confinement Unit within Wabash Valley Correctional Facility. Defendant Snyder is an agent of defendants Carter, Lemmon and Brown. Defendant address is W.V.C.F. 6908 S. old Highway 41, p.o. box 1111 Carlisle, Indiana 47838;

(8) Defendant Charles Dugan, was at all relevant times herein the duly appointed, qualified and acting Caseworker/Counselor of the Secure Confinement Unit (S.C.U.) within Wabash Valley Correctional Facility. Defendant Zimmerman, is an agent of defendants Carter and Brown. Defendant address is, W.V.C.F. 6908 S. old U.S. Highway 41/p.o. box 1111 Carlisle, Indiana 47838;

(9) Defendant E. Padgett, was at all relevant times herein the duly appointed, qualified and acting Case Manager/caseworker and counselor of the Secure Confinement Unit (S.C.U.) within Wabash Valley Correctional Facility. Defendant Padgett is an agent of defendants Carter and Brown. Defendant address is, W.V.C.F. 6908 S. old U.S. Highway 41/p.o. box 1111 Carlisle, Indiana 47838.

(3)

10) Defendant, Randall Purcell, was All Relevant times herein the duly appointed, qualified and acting case worker/counselor of the secure confinement unit (S.C.U.) within Wabash Valley Correctional Facility. Defendant Purcell, was an agent of defendants Carter and Brown. Defendant address is WVCF 6908 S. old US Highway 41 P.O. Box 1111 Carlisle Indiana 47838.

11) All defendants are sued in their individuals and official capacities.

12) At All Relevant times herein, defendants Carter, Lemmon, Brown, Hendrix, Snyder, Ammerman, Padgett and Purcell have acted under the color of authority of law of Indiana or in active concert with such defendants who were so acting.

13)            A. FACTUAL BACKGROUND
Plaintiff Terry Husain has been imprisoned within the Indiana Department of Corrections for the past 36 years for the crime of murder in robbery and is serving a sentence of 110 years

             B. FACTUAL ALLEGATIONS
14) Through JANUARY 21 - and 23 yes 2023, in 2021; he was placed in administrative segregation where he was held for more than 3 months

(4)

15) C.W.V.F. secure confinement unit

The SCU at W.V.C.F. has a population capacity to house a maximum of 288 offenders at anytime. The SCU is a building which sits separate of all other at Wabash Valley Correctional Facility. It is separated from the general housing buildings. The unit is comprised of four sections, or Pods. Each pod has a central control. There is a total of four pods, commonly referred to as A-East, A-West, B-East and B-West. Each pod has six ranges, each range has two tiers, each tier has six cells and a shower, for a total capacity of twelve prisoners or inmates per range. The east pods housing ranges one through six, the west pods housing ranges seven through twelve for a total capacity of 288 cells and 24 ranges.

At all relevant times, the SCU at WVCF was considered a solitary housing unit were all prisoners movement was maximally controlled.

16) Plaintiff Huspon, was confined in cell # B 1002, which were located on B-West. At all relevant times herein, everytime he left his assigned cell on the SCU, he was placed on restraints and was escorted by two (2) prison guards to recreation, showers and health care visits. Furthermore, all of plaintiff's meals were served to him while confined in his cell.

17) "The SCU" cells are approximately eight feet high, seven feet wide and twelve feet deep. In this space, however is a concrete slab for a mattress, a stainless steel toilet/sink combination, a table to eat on, a television stand. The floors are concrete. There are three walls which are solid concrete, the fourth is a steel grated door facing range

with honey cone holes in it. The scu was designed with no windows, therefore there is no natural lights or fresh air. The ventilation system is erratic. Gas flumes routinely emanates through the vents. The walls are stark white. "The scu" Cells are equipped with double fluorescent light, the cell lights may be turned on bright or dim.

18) "The scu" Cells have no inter communication system and as a result plaintiff Mr. Hugson was forced to repeatedly yell to summon the guards even in case of medical emergency.

19) Plaintiff Mr. Hugson was confined to his cell 24 to 23½ hours a day with one hour out of his cell for recreation. In regards to the recreation pad, each range has a recreation pad. The pads were approximately 20x20'. All four walls are concrete. The pads resemble wells. The pads were designed with thick mash wire over the top. Half of the pad is enclosed by some form of plexiglass. The pad serve as indoor outdoor recreation pads regardless of the weather. There were dog kennels provided as opportunity for outside recreation.

20      D. Conditions of confinement on "The scu"

 The plaintiff Hugson was housed on "the scu" the conditions were very oppressive. Prisoners threw urine and feces on each other as a result, there were a lot of frustration, anger, tension and disharmony that existed amongst the prisoners or inmates confined on "the scu"

(6)

21) The frustration, anger, tension, and disharmony that existed amongst the prisoners were usually programmed, manipulated, and regulated by W.V.C.F. staff personnel.

22) Plaintiff Mr. Huspon suffered from pre-existing medical conditions prior to his placement on "the SCU" in December 12/21/018 kidneys infection and was prescribed medication for this condition.

23) Plaintiff Mr. Huspon developed emphysema while being confined on "the SCU". As a result, he is now required to receive breathing-treatment everyday.

24) Plaintiff Huspon believes that the oppressive conditions on "the SCU" only exacerbated his pre-existing medical conditions.

25) Plaintiff Mr. Huspon made numerous administrative appeals to defendant's to be released from administrative segregation status and placed back into general population. He also requested that he be transferred to another facility but his efforts were to no avail.

26) During this period of confinement, plaintiff Huspon maintained clear conduct from 2021 to 2023 with just one conduct report until his release 1-30-23. Despite his clear conduct he was never provided with a meaningful 30 days or 90 days periodic review. The reviews that plaintiff Huspon, all stated the same reasons for keeping him on administrative segregation status. All of plaintiff Huspon reviews stated the following;

(7)

27) Your Status Has Been Reviewed And There Are No Changes Recommended To The Warden At This Time your Current Administrative Restrictive Housing STATUS SHALL Remain IN EFFECT UNLESS OTHERWISE RescinDED By THE WARDEN, THE other's one's Vary slightly in The following ways

28) Your Status Has Been Reviewed And There Are No Changes Recommended, To THE Executive Director of operation AT This Time your Current Administrative Housing Status Shall Remain In effect unLess otherwise Rescinded by THE Executive DiRECTOR OF operations: Sign by A Counselor OR Unit manager.

29) plaintiff Huspon Contends that the same identical Reviews/or Reports were boiler plate explanations instead of A honest Review.

30) Defendant, Brown, was the Warden At Wabash Valley Correctional Facility, when plaintiff Huspon was denied these meaningful periodic Reviews.

31) Defendant, Snyder, was the Unit Team manager, Who Name appeared on the copies of the Sham Reviews of 30 and 90 days

32) Defendant Hendrix, was the Director of classification for Indiana Department of corrections, when these Sham Reviews occurred.

33) Defendant, parcell was the Unit Counselor on "The Scu" who name appeared on these Sham Reviews that occurred.

(8)

34) Defendant, Charles Dugan was the unit Counselor on "The SCU" who Name Appeared on these Sham Reviews that occurred.

35) Defendant Lemmon, was the duly Appointed Commissioner of Indiana Department of Corrections, from Approximately January 2 throught 2 when the Sham Reviews of 30 and 90 days were Conducted on plaintiff Huspon at W.V.C.F.

36) Defendant Carter, was the Commissioner of Indiana Department of Corrections, when the Sham Reviews of 30 and 90days were Conducted on plaintiff Huspon At W.V.C.F.

37) Defendants Carter, Lemmon, Brown, Hendrix, Snyder, Padgett, Dugan and Purcell has Caused, Created, Authorized, Condoned, Cortified, Approved or Knowingly Acquiesced in illegal unconstitutional and inhumane Conditions, Actions, Polices, Customs and practices that prevail At Wabash Valley Correctional facility (W.V.C.F.) on "The SICU" As described herein All defendants has therefore directly And proximately Caused the injuries And Violations of Rights set forth herein.

38) plaintiff Huspon, was forced to Endure over 36 months of inhumane Conditions.

39) Aftering spending over 25 months on "the SCU" At W.V.C.F Such conditions of confinement took their toll on plaintiff Huspon mentally Emotionally And spiritually. however, plaintiff Huspon was discouraged from

(9)

40) Seeking psychological counselling or mental treatment, as a result of not being provided with private or confidential consultation. For Example, on "The SCU" A psychologist usually walked through the unit once a month. The psychologist usually walked past plaintiff Huspon cell/or other prisoners cells. Calling out "Good morning" or "Are you okay?" The psychologist walked past approximately 12 cells in less than 5 minutes during his or her rounds. Consequently, it is incumbent on a prisoner to get the psychologist's attention to indicate

41) From January 2021 up until January 2023 of his release from Administrative segregation, plaintiff Huspon was not given a meaningful periodic 30 or 90 days reviews while being housed on "the SCU" at W.U.C.F. furthermore, prior to his release, the reviews he did receive, were all Sham reviews these Sham reviews basically all said the same thing Therefore the decision to hold plaintiff Huspon on Administrative Segregation Status year after year had already been pre-determined

42) Defendants Carter, Lemmon, Brown, Hendrix, Snyder, Dugan, Padgett, and Purcell all rubber stamped the Sham reviews of plaintiff Huspon

43) The entire time plaintiff Huspon was confined on "the SCU" at W.U.C.F he was denied access to vocational, work or educational programs offered to general population prisoners.

44) Prior to filing this complaint, plaintiff Huspon had previously wrote complaints and appeals to defendants and their agents requesting that he be re-classified and placed back in general population, or transferred to another facility, but his appeals fell upon deaf ears.

(10)

45) Defendants Carter, Lemmon, Brown, Hendrix and Snyder failed to take corrective actions concerning the allegations presented herein.

46) Plaintiff Huspon, contends that housing /or confining him on "The SCU" at W.V.C.F. for prolong period of time deprive him of basic human need, and denying him of meaningful 30 and 90 days periodic reviews were a common occurrence and accepted policy and practice within Indiana Department of Corrections and its confinement units at W.V.C.F.

47) Defendants, Carter, Lemmon, Brown, Hendrix and Snyder, knew that plaintiff Huspon, and other prisoners were being deprived of basic human needs on the SCU and were also being denied a meaningful 30 and 90 day periodic reviews were occurring on a frequent basis and despite such knowledge refused to take corrective measure to prohibit such policy and practice.

48) Defendant, Carter, Lemmon, Brown, Hendrix and Snyder has caused, created, authorized, condoned, ratified, approved or knowingly acquiesced in illegal, unconstitutional and inhumane conditions, actions, policies customs and practices that prevailed at W.V.C.F. on "The SCU" described herein, therefore, defendants has directly and proximately caused the injuries and violations of rights set forth herein.

49) Defendants, Carter, Lemmon, Brown, Hendrix and Snyder, deliberately and maliciously deprived plaintiff Huspon of his constitutional rights

(11)

50) Finally, Defendants confinement of plaintiff Huspon in the secure confinement unit at W.V.C.F. for over Two (2) years under debilitating conditions, stripped him of his basic dignity and humanity in violation of contemporary standard of human decency therefore, constituting cruel and unusual treatment prohibited by the Eight and Fourteenth Amendments of the United State Constitution.

51) Plaintiff Huspon, incorporately by Reference each and every Allegation contained in the preceding paragraphs as set forth fully herein plaintiff Huspon, advance this claim against all defendants. Defendants have deprived plaintiff Huspon of a Liberty interest without due process of Law by denying him meaningful and timely periodic Review during his Two and a (2½) years of confinement on "The SCU." in Violation of the Fourteenth Amendment to the United State Constitution.

52) The conditions of confinement that plaintiff Huspon was subjected to for 2½ years on "The SCU" at W.U.C.F constituted an atypical and significant hardship as compared with the ordinary incidents of prison life for two basic reasons: (A) the exceedingly harsh and and isolated conditions on the SCU; (B) The two and a half years on the SCU

53) Wabash Valley Correctional Facility Review process is inadequate and fails to honor the basic values of procedural due process

54) Defendants have failed to honor the basic values of procedural due process by providing plaintiff Huspon with a meaningful 30 and 90 days periodic Review while he was confined on "The SCU" at WVCF.

55) The Law was very clear, plaintiff Huspo was entitled to a meaningful 30 and 90 days periodic review to determin if his isolation and confinement on Administrative segregation was still warranted. Defendants by giving plaintiff Huspo sham periodic reviews were allowed to use his Administrative segregation Assignment as a pretext to maintain his confinement beyond what was necessary, for Two and a half (2½) y~~ears~~ Therefore, defendants failure to honor the basic values of procedural due process, has violated plaintiff Huspo due process rights pursuant to the Fourteeth Amendment of the United States Constitution

## Relief Requested

56) Wherefore, plaintiff Huspo requests this honorable Court grant the following relief:

A. Issue a Declaracy Judgment that defendants did in fact violate plaintiff's rights as stated in the body of this complaint.

B. Grant Compensatory Damages in the following Amount:

1) $125.00 for each day that plaintiff was illegally held in solitary confinement without being provided with an meaningful 30 and 90 day periodic Reviews;

2) $200,000 Against defendant Carter,
3) $200,000 Against defendant Lemmon,
4) $150,000 Against defendant Brown,
5) $100,000 Against defendant Hendrix,
6) $100,000 Against defendant Snyder,
7) $50,000 Against defendant Dugan,
8) $50,000 Against defendant Padgett,
9) $50,000 Against defendant Purcell,

C. Grant punitive Damage of $10,000 Against each of the defendants, for mental and Emotional distress.

D. Grant such other Relief As this Court deem Fair And just

Respectfully Submitted
Terry Huspon
Terry Huspon
Doc # 882533
M.C.F
MIAMI Correctional Facility
3038 West 850 South
Bunker Hill, IN 46914-9810

(14)